IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**UNITED STATES OF AMERICA**                                              **PLAINTIFF**

**V.**         **NO. 3:24-CV-190-DMB-RP**

**DANIEL TENNER**                         **DEFENDANT**

## **ORDER**

On July 3, 2024,[1] the United States of America filed a complaint against Daniel Tenner in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and to recover money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon … Tenner's receipt of Paycheck Protection Program ('PPP') funds to which he was not entitled." Doc. #1 at 1. The complaint alleges that Tenner received PPP loan proceeds totaling $41,666.00,[2] for which the Small Business Administration paid a total of $5,000.00 in processing fees to the financial institutions involved,[3] and that based on false representations by Tenner, the SBA forgave the loans. *Id*. at 6, 7.

On August 23, 2024, a "Joint Motion for Entry of Consent Judgment" was filed in which the government and Tenner represent that they "have agreed to resolve [this] litigation" and "to the entry of a Consent Judgment on the terms provided in the proposed Consent Judgment." Doc. #4 at PageID 19. Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney and by Tenner who appears pro se. *Id.*

---

[1] The last page of the complaint states it was filed the 3rd day of July, *2023*, Doc. #1 at 11, but the docket reflects it was filed July 3, *2024*.

[2] Tenner received two PPP loans, each in the amount of $20,833.00. *Id.* at 6.

[3] The SBA paid $2,500.00 in processing fees for each loan. *Id.* at 7.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Tenner to pay $46,830.38 plus interest, a $405.00 filing fee, and a $146.75 service of process fee to the United States Marshal Service pursuant to 28 U.S.C. § 2412(a)(2)—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [4] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 26th day of August, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

2